## ALBERT JOHNSON v. THE STATE.

No. 14252.    Delivered May 27, 1931.

The opinion states the case.

*Clyde E. Thomas, Martelle McDonald* and *Thomas J. Coffee,* all of Big Spring, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, two years in the penitentiary.

It appears from the record that a saddle was stolen, the value of same being more than $50. Several months thereafter said saddle was found in the house of appellant. He neither made any explanation of his possession nor offered any testimony upon this trial. For some reason the trial judge saw fit to charge the jury upon the proposition of an explanation of recently stolen property. Appellant excepted to the charge on this point upon the ground that there was no necessity for such charge, there being no evidence of any attempt to make such explanation. We think the exception well supported. In the absence of testimony of some explanation, or attempt at same, such charge could only be confusing to

the jury. In the charge relative to this matter the court stated that if the jury believe that recently after the loss of the saddle appellant was found in possession thereof "and offered no reasonable explanation", etc., that then the jury should take into consideration the possession of the property alleged, etc. Certainly it would be a charge on the weight of the evidence to instruct the jury that they could take into consideration the fact that the appellant made no explanation of his possession of such recently stolen property.

Over objection the state was permitted to prove by the owner of the alleged stolen saddle that some time after its loss he had a conversation with a certain woman, which conversation is set out in bill of exception No. 2. As part of said conversation it appears that said woman told him that appellant got his saddle, and that it was in appellant's trunk, etc. The court should not have permitted this conversation which was out of the presence and hearing of appellant, and in no sense binding upon him. The facts stated were very damaging to appellant's rights.

There is some confusion in the record as to whether at the time the sheriff went to appellant's house for the purpose of searching same, he searched it and found the alleged stolen property prior to the time appellant came home, there being a question as to the legality of the search; also as to whether the officer informed appellant that he had a search warrant before appellant told him to go ahead and search. If the case should be tried again the record may be in better shape for us to pass upon the propriety of the issues thus affected.

For the errors mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*